IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASANTI T. COLLINS, *et al.*,      *

    Plaintiffs,      *

v.      *      Civil Action No. PX-17-3011

DISCOVER FINANCIAL SERVICES, *et al.*,      *

    Defendants.      *

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this consumer protection action is the Motion to Dismiss Proceedings and Compel Individual Arbitration filed by Defendants Discovery Financial Services, Discover Bank, Discover Products, Inc., and U.S. Bank National Association as Trustee for the Discover Card Master Trust I (collectively, "Discover Defendants" or "Defendants") (ECF No. 5).[1] For the reasons below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

**I.**      **Background**

Plaintiffs Asanti T. Collins ("Collins") and Bradley Clayton ("Clayton") both have Discover Card accounts. Plaintiffs initially filed this suit in Montgomery County Circuit Court, alleging that various practices of and among the Discover Defendants when seeking to collect on

---

[1] Also pending is Plaintiffs Asanti T. Collins and Bradley Clayton's Motion for Leave of Court to file a surreply in reference to the motion to compel (ECF No. 15). Surreplies are highly disfavored in this Court. *Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015). The Court has reviewed the parties' briefing, including the matters Plaintiffs purport would be addressed by the surreply, and finds that a surreply is neither necessary nor helpful with respect to the dispositive issues presented in the Motion to Compel. Therefore, the Motion for Leave is DENIED.

1

delinquent accounts are illegal under Maryland and federal consumer protection laws, and that Defendants violated certain other applicable Maryland regulations. Plaintiffs seek declaratory and injunctive relief (Counts I and II), and bring claims under various federal and state consumer protection and licensing statutes (Counts III–IX), for unjust enrichment (Count X), and for other ancillary relief (Count XI). *See generally* ECF No. 2. Defendants removed the action to this Court on the basis of federal question jurisdiction. ECF No. 1 at 2.

Although the Complaint is voluminous and detailed, the question the Court must answer is narrow: whether the cardmember agreements that Collins and Clayton signed, which expressly provide for arbitration in lieu of litigation, require the Plaintiffs to submit to arbitration under the Federal Arbitration Act ("FAA").

The pertinent cardmember agreements include arbitration provisions that permit either party to the agreement to elect to resolve any dispute arising from the use of Plaintiffs' Discover accounts through binding arbitration. ECF No. 5-3 at 8; ECF No. 5-4 at 5. Both agreements also provide procedures Plaintiffs could follow to reject the arbitration provisions. *See* ECF No. 5-3 at 9; ECF No. 5-4 at 7. The agreements include class action waivers that specifically bar individual card members from arbitrating claims on behalf of any other member or group apart from that member's individual claims. ECF No. 5-3 at 8; ECF No. 5-4 at 5. Importantly, both provide that the arbitration agreement is governed by the FAA. ECF No. 5-3 at 8; ECF No. 5-4 at 5–6. Finally, both cardmember agreements provide that they are governed by applicable federal law or by Delaware law where state law applies. ECF No. 5-3 at 9; ECF No. 5-4 at 5.

Defendants moved to compel arbitration pursuant to the FAA, 9 U.S.C. § 1, *et seq.* In opposition, Plaintiffs argue that the Court should apply Maryland law on the issue of waiver and

determine that Defendants waived the right to arbitrate by previously initiating collection actions against Plaintiffs in Maryland courts.

## II. Legal Standard

"[A] defendant who seeks to compel arbitration under the Federal Arbitration Act bears the burden of establishing the existence of a binding contract to arbitrate the dispute." *Minnieland Private Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 456 (4th Cir. 2017). To prevail on a motion to compel arbitration under the FAA, the moving party must demonstrate (1) the existence of a dispute between the parties, (2) a written agreement between the parties that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the opposing party to arbitrate the dispute. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002).

Although motions to compel arbitration "exist in the netherworld between a motion to dismiss and a motion for summary judgment," the decision to treat a motion to compel as one or the other "turns on whether the court must consider documents outside the pleadings." *PC Const. Co. v. City of Salisury*, 871 F. Supp. 2d 475, 477 (D. Md. 2012); *see Butler v. Mariner Finance, LLC.*, Civil Action No. CCB-17-1738, 2017 WL 6406804, at *2 (D. Md. Dec. 15, 2017). Because Plaintiffs' cardmember agreements are not integral to the Complaint, and thus the Court must consider the agreement itself as extrinsic evidence, the Court construes the Motion to Compel as a motion for summary judgment. *Cf. Butler*, 2017 WL 6406804, at *2 & n.3 (treating motion to compel as motion to dismiss when contract containing the arbitration agreement was integral to and explicitly relied on in the complaint). Under this standard, "motions to compel arbitration shall be granted if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."
*Thomas v. Progressive Leasing*, Civil Action No. RDB-17-1249, 2017 WL 4805235, at *2 (D. Md. Oct. 25, 2017) (internal marks and citations omitted).

### III. Discussion

Congress enacted the FAA in 1925 "to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA embodies a federal policy that is emphatically in favor of arbitral dispute resolution, and courts must rigorously enforce agreements to arbitrate. *See Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707, 712 (4th Cir. 2015) (*Dillon I*). "Under the FAA, arbitration agreements are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Dillon v. BMO Harris Bank, N.A.*, 856 F.3d 330, 334 (4th Cir. 2017) (*Dillon II*) (internal quotation marks and citations omitted).

The parties do not dispute that the arbitration agreements are valid and enforceable. However, Plaintiffs contend that this Court should not compel arbitration because, under the Maryland Court of Appeals' holding in *Cain v. Midland Funding, LLC*, 452 Md. 141 (2017), Defendants have waived the right to arbitrate.

*Cain* is inapplicable to this case. As this Court has recognized several times since *Cain* was decided in 2017, *Cain* involved compelling arbitration under the Maryland Uniform Arbitration Act, not the FAA. *See Castellanos v. Mariner Fin., LLC*, Civil Action No. MJG-17-3168, 2018 WL 488725, at *2 (D. Md. Jan. 19, 2018). Indeed,

> [t]he *Cain* Court explained why **state law** applied to the case before it: (1) the parties assumed that Maryland law applies; (2) the party moving to compel arbitration filed its motion under the Maryland Uniform Arbitration Act, not the Federal Arbitration Act; and, in any event, (3) in state court the Supreme Court has held that state law may apply to waiver issues.

*Butler*, 2017 WL 6406804, at *3 (citing *Cain*, 452 Md. at 151, 153 nn.9–10) (emphasis added; internal marks and citations omitted); *see also Haywood v. Ford Motor Credit Co., LLC*, Civil Action No. JFM-14-1671, 2017 U.S. Dist. LEXIS 124651, at *1–2 (D. Md. Aug. 7, 2017) ("*Cain* has no implication here. [In *Cain*, the defendant's] motion to compel arbitration was brought under the Maryland Uniform Arbitration Act. In contrast, [in this case, the defendant's] motion was filed under federal law, specifically Section 3 of the Federal Arbitration Act.").

Here, the agreements expressly provide that the FAA governs the arbitration provisions, and more broadly that the cardmember agreement is governed by federal law. Defendants' motion to compel is brought pursuant to the FAA and in federal court. *Cain* does not apply.[2]

Plaintiffs have not presented any other grounds for objecting to arbitration, nor can the Court discern any. Defendants have not delayed unnecessarily in seeking to compel arbitration, Defendants have not made sufficient use of the apparatus of litigation with respect to the claims now raised, and Plaintiffs have made no showing of prejudice. *See Butler*, 2017 WL 6406804, at *3; *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 702 (4th Cir. 2012) (discussing default on the right to invoke arbitration under the FAA). Thus, this Court will grant Defendants' motion to compel arbitration under the FAA.

Defendants further request that the Court compel *individual* arbitration per the cardmember agreements. The Court notes that waivers to pursue class-wide claims are valid and

---

[2] Whether the agreements' arbitration provisions cover Plaintiffs' specific claims is a question best left for the arbitrator in the first instance. *See Simply Wireless, Inc. v. T-Mobile US, Inc.*, 877 F.3d 522, 527–28 (4th Cir. 2017) (where arbitration agreement incorporates particular rules of arbitration, such as AAA or JAMS, there is "clear and unmistakable evidence" of parties' intent to arbitrate the arbitrability of claims).

enforceable. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343, 347–51 (2011); *Muriithi v. Shuttle Exp., Inc.*, 712 F.3d 173, 180–81 (4th Cir. 2013). Accordingly, arbitration will be compelled on an individual basis.

Finally, although Defendants urge the Court to dismiss the Complaint, the Court instead will stay this case pending arbitration pursuant to 9 U.S.C. § 3. The Court further orders Plaintiffs to engage in arbitration in accordance with the terms of their respective agreements pursuant to 9 U.S.C. § 4. *See Dillon I*, 787 F.3d at 713. The parties shall be directed to file status reports within 14 days after each Plaintiff's arbitration proceeding is concluded.

### IV. Conclusion

For the reasons articulated above, it is this 4th day of May, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion for Leave of Court to File Surreply to Defendants' Motion to Dismiss Proceedings and Compel Individual Arbitration filed by Plaintiffs ASANTI T. COLLINS and BRADLEY CLAYTON (ECF No. 15) BE, and the same hereby IS, DENIED;

2. The Motion to Dismiss Proceedings and Compel Individual Arbitration filed by Defendants DISCOVER FINANCIAL SERVICES, DISCOVER BANK, DISCOVER PRODUCTS, INC., and U.S. BANK NATIONAL ASSOCIATION (ECF No. 5) BE, and the same hereby is, GRANTED IN PART and DENIED IN PART;

3. This case is STAYED pending the conclusion of arbitration;

4. The Parties shall submit joint status reports within 14 days after each Plaintiff's arbitration proceeding is concluded;

5. The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel for the parties.

| 5/4/2018 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |